IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RONALD R. REESE, JR. and
DIANE REESE                                                                                     PLAINTIFFS

V.                                          NO. 07-CV-4105

E-Z MART STORES, INC. and
TEXARKANA NEWSPAPERS, INC.                                                      DEFENDANTS

## **ORDER**

Before the Court is a Motion to Remand filed by Separate Defendant E-Z Mart Stores, Inc. (Doc. 20). The Court has been advised that the other parties do not oppose this motion. Thus, the Court finds the matter ripe for consideration. For the reasons stated below, the Court finds that this case should be remanded back to the state court from which it was removed.

In November 2007, this matter was removed to this Court based upon diversity of citizenship and the amount in controversy. *See* 28 U.S.C. § 1332. In September 2008, Plaintiffs filed their first amended complaint. (Doc. 12). In the amended complaint, Plaintiffs added a new Defendant, Texarkana Newspapers, Inc. ( "Texarkana Newspapers"). Texarkana Newspapers is an Arkansas corporation with its principle place of business in Texarkana, Texas.

"Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is complete diversity of citizenship." *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.*, 367 F.3d 831, 835 (8th Cir. 2004) (citing 28 U.S.C. § 1332(a)). "Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship." *Id*. (citing *Owen Equipment & Erection v. Kroger*, 437 U.S. 365 (1978)).

Here, after removal, Plaintiffs joined an indispensable party that was not completely diverse. Plaintiffs are citizens of Arkansas; whereas, Texarkana Newspapers is a citizen of both Texas and Arkansas.[1]  "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy diversity jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e).  Here, the Court granted Plaintiffs' motion to amend their complaint to add a non-diverse party as a defendant.  Thus, the Court has chosen to permit joinder and the Court will now remand this action to state court.  Accordingly, the Motion to Remand filed by Separate Defendant E-Z Mart Stores, Inc., is **GRANTED,** and the Court remands this action back to the state court from which it was removed.

**IT IS SO ORDERED**, this 30th day of October, 2008.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[1] For diversity purposes, a corporation may be the citizen of two states:  the state in which it is incorporated and the state in which it maintains its principal place of business. *Capitol Indemnity Corp. v. Russellville Steel Co., Inc.*, 367 F.3d 831, 835 (8th Cir. 2004) (citing 28 U.S.C. § 1332(c)(1).  Here, Texarkana Newspapers is incorporated in Arkansas and has its principal place of business in Texas.